WILLIE J. PATMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patmon v. Commissioner
Docket No. 10190-87.
United States Tax Court
T.C. Memo 1989-159; 1989 Tax Ct. Memo LEXIS 159; 57 T.C.M. (CCH) 65; T.C.M. (RIA) 89159; April 13, 1989
Hallison H. Young, for the petitioner. Timothy S. Murphy, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION
*161 RUWE, Judge: In a notice of deficiency dated January 21, 1987, respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6659
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1981
$ 34,148.22
$ 7,488.56
$ 8,487.68
$ 2,011.71
50 percent of
interest due on
$ 34,148.22.
1982
21,287.50
3,354.79
5,347.35
1,144.97
50 percent of
interest due on
$ 21,287.50.
Additions to Tax
Year
Deficiency
Sec. 6661
1981
$ 34,148.22
--
1982
21,287.50
$ 765.75
The issues for decision are: (1) Whether petitioner is entitled to depreciation deductions claimed on his 1981 and 1982 income tax returns resulting from an alleged investment in master recordings; (2) whether petitioner is entitled to Schedule A deductions for real estate taxes, interest expense, *162 and charitable contributions for the taxable years 1981 and 1982; (3) whether petitioner is liable for additions to tax pursuant to sections 6651(a), 6653(a)(1), 6653(a)(2), and 6659 for 1981 and 1982, and section 6661 for 1982; and (4) whether petitioner's underpayment of tax for 1981 and 1982 is attributable to a tax motivated transaction for purposes of computing interest pursuant to section 6621(c). [2]
FINDINGS OF FACT No stipulation of facts has been filed. Petitioner resided in Grosse Pointe Woods, Michigan when he filed his petition in this case. Petitioner filed his Federal income tax returns for 1981 and 1982 with the Internal Revenue Service Center, Cincinnati, Ohio. Both of these returns are dated April 24, 1984 and were received by the Service Center on April 30, 1984. Petitioner introduced documentation at trial regarding his claimed deductions for interest, taxes, and charitable contributions. Based upon this evidence, respondent has conceded, and we find, that petitioner is entitled to the following deductions: *163 1981
1982
Real Estate Taxes
$ 2,912.00
$ 2,975.00
Interest
8,931.00
6,876.99
Charitable Contributions
430.00
--   OPINION The first issue is whether respondent properly disallowed petitioner's claimed depreciation deductions resulting from an alleged investment in master recordings. Section 167(a) allows "as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * * of property used in [a] trade or business, or * * * property held for the production of income." [3] To qualify for the depreciation deductions claimed on Schedule C of his 1981 and 1982 tax returns, petitioner must show that his activities with respect to the master recordings either constituted a trade or business or were undertaken and carried on for the production of income. ; . Petitioner bears the burden of proving that he is entitled to the claimed depreciation deductions. Rule 142(a). *164 To establish that his activities with respect to the master recordings either constituted a trade or business or were carried on for the production of income, petitioner must demonstrate that he had "an actual and honest objective of making a profit." , affd. without opinion ; ; . While a reasonable expectation of profit is unnecessary, a taxpayer's profit objective must be bona fide. ; , affd. without opinion . Whether there is an intention to make a profit is a factual issue to be resolved on the basis of all the surrounding facts and circumstances. ; . "Profit" means economic profit, independent of tax savings. ; *165 . The burden of establishing the requisite profit objective is on petitioner. ; ; ; Rule 142(a). Petitioner has placed very little evidence into the record to support his contention that he engaged in the master recording activity with an actual and honest objective of making a profit. At trial, petitioner testified that he purchased some master recordings in 1977 and that he paid an unspecified amount of cash and signed a note for the remainder of the purchase price. He did not introduce the note into evidence and did not testify as to the exact purchase price. There is also very little information in the record specifying the criteria, if any, petitioner used in selecting the specific master recordings he purchased. At trial, petitioner's attorney inquired about representations made to petitioner concerning the value of the master recordings. Q. [Mr. Young:] Do you recall seeing any appraisal reports on these masters that you acquired? A. [Mr. *166 Patmon:] Yeah, if I remember right, I think Mr. Holland did an appraisal on them, and possibly his brother was involved in it. The two Holland brothers. There is no other mention of the Holland brothers in the record and we have no way of determining whether they were qualified to appraise the master recordings or if an appraisal was ever completed. Nothing in the record indicates the criteria, if any, petitioner used in selecting the master recordings he purchased. Petitioner's failure to carefully evaluate his investment in the master recordings tends to demonstrate that he had no interest in earning an economic profit from his investment. , affd. . Petitioner has failed to introduce evidence regarding the master recording, its purchase price, its fair market value, the amount of cash paid, and the nature of the notes involved. Petitioner did introduce into evidence a 1977 and 1978 specimen copy Schedule C and Form 4832. The 1977 return information was prepared by ICA Phonomasters, Ltd. and the 1978 return information was prepared by ABC Phonomasters, Ltd. The *167 specimen returns are apparently designed to assist petitioner with the preparation of his own tax returns. Aside from this information, petitioner has provided no additional evidence to establish the fair market value of the masters. Based on this record, petitioner has not demonstrated that he possessed the requisite profit objective as to his master recording activities. Consequently, we sustain respondent's disallowance of the depreciation deductions claimed by petitioner. The second issue for decision is whether petitioner is entitled to Schedule A deductions for real estate taxes, interest expense, and charitable contributions for the taxable years 1981 and 1982. Petitioner bears the burden of proving his entitlement to these deductions. Rule 142(a). In the notice of deficiency, respondent disallowed the following Schedule A deductions: 1981
1982
Real Estate Taxes
$ 2,912
$ 2,975
Interest
9,275
7,107
Charitable Contributions
610
600
At trial, petitioner introduced documentation relating to his claimed deductions for real estate taxes, interest, and charitable contributions. Respondent has conceded petitioner's entitlement to such deductions *168 in the amounts specified in our findings of fact. Petitioner, however, has not established his entitlement to deduct any amounts in excess of those conceded by respondent. Respondent determined that petitioner is liable for additions to tax under section 6653(a)(1) and section 6653(a)(2) for negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that he is not liable for these additions to tax. . Petitioner introduced no evidence to refute the additions to tax set forth in the statutory notice and respondent's determinations will be sustained. Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax upon a taxpayer who fails to file a timely return unless the taxpayer demonstrates that his failure to file was due to reasonable cause and not willful neglect. Petitioner bears the burden of proof on this issue. , affd. without opinion . Petitioner has introduced no evidence on this point; *169 therefore, respondent's determination is sustained. Respondent also determined that petitioner is liable for the additions to tax set forth in section 6659. Section 6659 provides that if an individual has an underpayment of income tax which is attributable to a valuation overstatement, there shall be added to the tax an amount equal to a specified percentage of the underpayment attributable to the overstatement. Petitioner bears the burden of proving that respondent's determinations are erroneous. . Petitioner has offered no proof and respondent will be sustained. In the notice of deficiency, respondent also determined that petitioner is liable for an addition to tax under section 6661 of $ 865.75 for 1982. Section 6661 generally provides an addition to income tax for any underpayment attributable to substantial understatements of tax liability. Under section 6661(b)(2)(B), an understatement may be reduced if the taxpayer shows that there was substantial authority for the taxpayer's treatment of the item or that the relevant facts affecting the tax treatment of the item are adequately disclosed in the return. Petitioner *170 has failed to show that there was substantial authority for his position regarding the claimed depreciation deduction and has failed to prove that he adequately disclosed on his 1982 return the relevant facts affecting the tax treatment of the items at issue. For purposes of determining the section 6661 addition, any portion of such substantial understatements on which an addition is imposed under section 6659 shall not be taken into account. Sec. 6661(b)(3). Due to respondent's concessions regarding petitioner's claimed deductions for real estate taxes, interest, and charitable contributions, the section 6661 addition to tax will have to be calculated as part of the Rule 155 computation. The final issue to decide is whether petitioner is liable for the increased rate of interest prescribed under section 6621(c) for that portion of the deficiency attributable to the disallowed depreciation deductions. Section 6621(c) provides that with respect to interest payable under section 6601, an increased rate of interest is imposed when there is a "substantial underpayment attributable to one or more tax motivated transactions." The additional interest accrues after December 31, 1984, even *171 though the transaction was entered into prior to the enactment of section 6621(c). , affd. per curiam without opinion . Temporary regulations adopted on December 26, 1984, provide that "any deduction disallowed for any period under section 183" is subject to the provision for additional interest set forth in section 6621(c). Sec. 301.6621-2T, A-4(1), Proced & Admin. Regs., (Dec. 28, 1984). We have disallowed depreciation deductions claimed by petitioner in relation to his master recording activity because we find that petitioner has not established that he was engaged in that activity for profit. That portion of the deficiencies attributable to the disallowed depreciation deductions is subject to additional interest under current section 6621(c). See . Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicted, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Former section 6621(d) was redesignated as section 6621(c) pursuant to section 1511(c), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2744.↩
3. The trade or business and production of income requirements under section 167 are the same as those under sections 162 and 212. .↩